IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JENNIFER ANDERSON, on behalf of herself and similarly situated employees, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | CLASS/COLLECTIVE ACTION |
| v. | : : |  |
| I AM HOME CARE, LLC, | : : |  |
| Defendant. | : |  |

# COMPLAINT – CLASS/COLLECTIVE ACTION

Jennifer Anderson ("Plaintiff") brings this lawsuit against I Am Home Care, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Reading, PA (Berks County).

5. Defendant is a corporate entity that, according to the Pennsylvania Department of State website, is headquartered at 571 Heffner Road, Wernersville, PA 19565 (Berks County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business that provides, *inter alia,* home health services to clients.

9. Defendant employs workers who are paid to provide the above services to Defendant's clients. We will call these individuals "home health employees."

10. Plaintiff worked for Defendant as a home health employee during the three-year period relevant to this lawsuit.

11. Plaintiff, like other home health employees, often worked over 40 hours per week.

12. The FLSA and PMWA require that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c). Notwithstanding, Defendant often failed to pay such overtime wages. For example, during the two-week pay period ending April 29, 2022, Plaintiff was credited with working 144 total hours and received her regular hourly rate of $15 for all such hours. No overtime premium compensation was paid.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of all individuals who, during any time after February 4, 2022, have been employed by Defendant and credited with working a total of over 40 hours during any week.

14. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and

other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

15. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

16. The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

17. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

18. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

19. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

20. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I – FLSA**

21. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See*

29 U.S.C. § 207(a)(1).

22.     In failing to pay Plaintiff and other collective members overtime premium pay for hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

### COUNT II – PMWA

23.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

24.     Defendant has violated the PMWA by failing to pay Plaintiff and other class members overtime premium pay for hours worked over 40 per week.

### PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.     Liquidated damages to the fullest extent permitted under the FLSA;

C.     Litigation costs, expenses, and attorneys' fees; and

D.     Such other and further relief as the Court deems just and proper.

Date:  February 4, 2025

Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

4

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

02/04/2025
_____         _____
Date                                                Signature – Jennifer Anderson